IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Magistrate Judge Shaffer

Civil Action No.: 14-cv-03007-CBS

SHIRLEY JEFFRIES,

      Plaintiff,

v.

CREDIT BUREAU OF CARBON COUNTY,

      Defendant.

_____

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

_____

This civil action comes before the court on Plaintiff Shirley Jeffries's Motion for Summary Judgment (Doc. # 22) dated May 19, 2015. Defendant Credit Bureau of Carbon County ("Credit Bureau") filed its Response (Doc. # 23), denying any wrongdoing, on June 9, 2015. (Doc. # 23). Plaintiff filed her Reply (Doc. # 24) on June 23, 2015. Pursuant to the Order of Reference (Doc. # 13) dated February 9, 2015, this case was directly assigned for all purposes to this Magistrate Judge pursuant to 28 U.S.C. § 636(c) and D.C. COLO. LCivR 72.2. The court has heard oral arguments on this matter and has reviewed the motion and related briefs, the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.

1

## I.      BACKGROUND

Plaintiff brings this lawsuit pursuant to the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692 *et seq.*, alleging Defendant used unfair or unconscionable means

to collect a debt. Plaintiff filed her Amended Complaint on April 14, 2015. (Doc. # 18).

Defendant filed its Answer on April 17, 2015, arguing its allocation of Jeffries's partial payment

of $100 to court costs was not a violation of the FDCPA. (Doc. # 19). The material facts

pertinent to the pending motion are not disputed.

On May 3, 2013, Plaintiff received medical care from the Medical Center of the Rockies.

Before receiving treatment, Plaintiff signed a "Treatment Agreement and Conditions of Service"

("Conditions of Admission"), in which she acknowledged in part that "should my account be

referred to any attorney for collection, I agree to pay reasonable attorney fees, costs and

collection expense, including the attorney fees incurred by the collection agency." (*See* Plaintiff's

Exhibit A (Doc. # 22–1)). The debt created by this medical care subsequently was referred to

Credit Bureau for collection.

Defendant initiated a collection against Jeffries in the County Court for Larimer County,

Colorado and served her with the Summons and Complaint on July 26, 2014. That Complaint

alleged that the principal amount of Jeffries's debt was $128.54, and also claimed $4.48 in

accrued interest, and future accruing interest, for a total demand of $133.02. Credit Bureau also

request pre-judgment and post-judgment interest (based upon the statutory prejudgment interest

of 8 percent), court costs, and reasonable attorney's fees. In filing the County Court action,

Defendant incurred court costs of $ 138.85 prior to August 1, 2014.

Once Jeffries became aware of the lawsuit on August 1, 2014, she sent Credit Bureau

$100.00 as partial payment on her debt. It is undisputed that Jeffries and Credit Bureau did not

discuss how her payment might be allocated in light of the pending litigation.  Credit Bureau applied Plaintiff's $100.00 to court costs.

On September 22, 2014, Credit Bureau filed a motion for entry of default judgment, requesting $523.61 (*see* Plaintiff's Exhibit C (Doc. # 22–3)), representing $128.54 in principal, $6.22 in accumulated interest, $350.00 in attorney fees, plus $38.85 in court costs. On September 23, 2014, the County Court for Larimer County entered judgment against Plaintiff in the amount of $523.61. That judgment remains unpaid.

Jeffries alleges Defendant violated 15 U.S.C. § 1692f(1) by applying her $100.00 partial payment to court costs before a judgment had been entered in the County Court case. Plaintiff is seeking actual and statutory damages against Credit Bureau for violations of the FDCPA.

## II.   ANALYSIS

Summary judgment is appropriate only if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Henderson v Inter-Chem Coal Co., Inc.,* 41 F.3d 567, 569 (10th Cir. 1994). "A 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is genuine issue for trial.'" *Tolan v. Cotton,* 134 S.Ct. 1861, 1866 (2014) (quoting *Anderson v Liberty Lobby,* 477 U.S. 242, 249 (1986)). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or conversely, is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 248-49; *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Service*, 812 F.2d 621, 623 (10th Cir. 1987). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory, a

reasonable jury could return a verdict for either party. *Anderson*, 477 U.S. at 248. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 578 (1986)(citing *First Nat. Bank of Ariz. V. Cities Service Com*, 391 U.S. 253, 289 (1968)).

The FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The statute identifies some examples of "unfair or unconscionable" including, "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f at 1. Plaintiff argues Defendant engaged in such conduct by applying her partial payment to the court costs, and thus allowing additional interest to incur on her principal debt. Plaintiff's counsel concedes that the net effect of Credit Bureau's allocation was to increase by $1.80 the interest owed on principal amount on Jeffries's debt. Since the material facts are not disputed, the court looks to whether this argument stands as a matter of law.

The FDCPA unequivocally states that the collection of any amount "expressly authorized by the agreement creating the debt or permitted by law [is not unconscionable]." 15 U.S.C. § 1692f. In this case, the Conditions of Admission signed by Jeffries clearly states that she would be responsible for any "reasonable attorney fees, costs and collection expense, including the attorney fees incurred" in connection with collection efforts.  Nothing in the Conditions of Admission speaks to or limits how funds received from the debtor might be allocated to outstanding amounts or collection costs.[1]

---

[1] Plaintiff further argues the Conditions of Admission expressly authorizing such "interest, fee, charge or expense" does not govern, because the agreement is not permitted by Colorado law. Since the allocation of the funds

Additionally, Plaintiff has not cited any statutory or common law that is controlling under the facts of this case. Rather, Plaintiff's counsel suggests this court should adopt the analysis employed by the Seventh Circuit in *Shula v. Lawent*, 359 F.3d 489 (7th Cir. 2004). Upon closer analysis however, there are several material differences between *Shula* and the facts of this case. In *Shula*, the underlying collection case had been dismissed after the debt collector failed to actively pursue the matter for more than two years because the debt subsequently had been paid in full. After the court dismissed the collection action on its own initiative, the debt collector mailed the debtor a letter demanding payment of court costs on what the Seventh Circuit described as an "abandoned proceeding." *Id.* at 490. More importantly, in *Shula* the parties' agreement was silent on question of costs, *id.* at 493, and there was no judgment against the debtor requiring the payment of the debt collector's cost. *Id.* at 491. Given these factual dissimilarities, I find that Plaintiff's reliance on *Shula* is misplaced.

In this case, it cannot be disputed that Credit Bureau employed a collection method, *i.e.* litigation, that is wholly permissible under the law. It strains logic to suggest that the County Court action was either "unfair or unconscionable". It is also undisputed that the Conditions of Admission signed by Jeffries entitled a collection agency (in this case, Credit Bureau) to recover "costs and collection expenses." Reduced to its essence, Plaintiff's Amended Complaint asserts she was injured in the amount of $1.80 because her partial payment was allocated to court costs (for which she was responsible under the Conditions of Admission), rather than the principal amount of her debt. Plaintiff argues that Credit Bureau violated Colorado law by using her partial payment to defray court costs before judgment had been entered and those costs were actually awarded. It is difficult to see how that discretionary act rises to the level of "unconscionable"

---

was clearly authorized by an agreement, there is no need to analyze this argument by applying the second half of the statute stating "or permitted by law."

5

conduct, given that Credit Bureau could have used Jeffries's $100 payment to offset its

"reasonable attorney's fees" which were also recoverable under the Conditions of Admission.

More to the point, counsel's argument rings hollow given that his client continues to incur post-

judgment interest of 8 percent on the outstanding judgment entered by the County Court.

Accordingly, the court finds, as a matter of law, that Defendant Credit Bureau did not

violate the FDCPA by allocating the $100 partial payment towards incurred court costs instead

of the principal obligation. For the foregoing reasons, the court DENIES Plaintiff Jeffries's

Motion for Summary Judgment and dismisses this case with prejudice.

DATED at Denver, Colorado, this 13th day of November, 2015.


BY THE COURT:


s/Craig B. Shaffer

United States Magistrate Judge